UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeremiah Ybarra, | Case No. 21-cv-1396 (DSD/TNL) |
| Petitioner, | |
| v. | REPORT & RECOMMENDATION |
| Warden Kallis, | |
| Respondent. | |

Jeremiah Ybarra, Reg. No. 55024-280, FCI Elkton, P.O. Box 10, Lisbon, OH 44432 *(*pro se Petitioner); and

Ana H. Voss and Chad A. Blumenfield, Assistant United States Attorneys, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Respondent).

## I. INTRODUCTION

This matter comes before the Court on Petitioner Jeremiah Ybarra's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). *See generally* Pet., ECF No. 1. This matter has been referred to the undersigned for a report and recommendation to the Honorable David S. Doty, United States District Judge for the District of Minnesota, pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons discussed below, the Court recommends that the petition be transferred to the United States District Court for the Northern District of Ohio.

## II. BACKGROUND

Petitioner was found guilty of aiding and abetting possession with intent to distribute five grams or more of methamphetamine after a trial by jury in the Western

1

District of Texas. *See United States v. Ybarra*, No. 4:16-cr-523-DC, ECF No. 109 (Judgment in a Criminal Case) (W.D. Tx. Sept. 8, 2017). Petitioner was sentenced to an aggregate 126 months' imprisonment, followed by a term of eight years supervised release. *Id.* at 2; *see also* Valento Decl. ¶ 4, ECF No. 12. At the time Petitioner filed his petition, he was incarcerated at Federal Medical Center (FMC) Rochester in Minnesota. *Id.* On April 29, 2022, Petitioner notified the Court that he was transferred to Federal Correctional Institution (FCI) Elkton in Ohio. *Notice of Change of Address*, ECF No. 18. As of the date of this Report and Recommendation, Petitioner remains in custody at FCI Elkton. *See Inmate Locator*, Fed. Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/. Petitioner's projected release date, via good conduct time release, is December 20, 2025. Valento Decl. ¶ 4.

Petitioner brings the instant petition under 28 U.S.C. § 2241, asserting that staff at the Bureau of Prisons (BOP) arbitrarily and capriciously raised his recidivism level from "low" to "medium," raised his custody points, and gave him a classification of minor violence "for no reason." Pet. at 1-3. Petitioner contends that, as a result, he "is being hindered from being able to go home on either home confinement or compassionate release." *Id.* at 2. According to Petitioner, he "is challenging the length of his detention. If the staff [at the BOP] raised his custody level and recivridism [sic] level for reasons unknown and in an arbitrary and capricious manner then this Honorable Court has all of the jurisdiction to grant [P]etitioner the relief requested." Pet.'s Objection to Response at 3, ECF No. 14.

2

### III. ANALYSIS

A prisoner challenging the validity of his sentence must bring his claim under 28 U.S.C. § 2255 "in the district of the sentencing court," while a prisoner challenging the execution of his sentence must bring his claim under 28 U.S.C. § 2241 "in the district where he is incarcerated." *Methany v. Morris*, 307 F.3d 709, 711 (8th Cir. 2002). Here, Petitioner challenges the execution of his sentence and brings his habeas petition under 28 U.S.C. § 2241, which provides that district courts may grant a writ of habeas corpus to a prisoner "within their respective jurisdictions."

"The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973). Therefore, "[h]abeas corpus jurisdiction lies only when petitioner's custodian is within the jurisdiction of the district court." *United States v. Monteer*, 556 F.2d 880, 881 (8th Cir. 1877); *see also Kills Crow v. United States*, 555 F.2d 183, 189 n.9 (8th Cir. 1977) ("2241 jurisdiction exists only if the District Court has jurisdiction over the petitioner's custodian.").

The United States Supreme Court has held that the only proper respondent in a habeas petition under 28 U.S.C. § 2241 is the inmate's current custodian, specifically, "the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) ("We summed up the plain language of the habeas statute over 100 years ago in this way: '[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is

3

shown to the contrary.'") (emphasis in original) (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885)). The term "custodian" generally means the warden or official in charge of the facility where the petitioner is incarcerated presently. *McCoy v. U.S. Bd. of Parole*, 537 F.2d 962, 964 (8th Cir. 1976). "The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld*, 542 U.S. at 443.

The United States District Court for the District of Minnesota lacks jurisdiction over a prisoner's § 2241 habeas petition when neither the prisoner nor his custodian is located in Minnesota. *See, e.g., Curbello v. Anderson*, No. 05-cv-2469 (PAM/RLE), 2006 WL 2670034, at *4 (D. Minn. Sept. 18, 2006) ("Petitioner is no longer in the custody of the FMC-Rochester but, rather, he is now in the custody of the authorities in California, over whom we have no jurisdiction."); *Perkins v. United States*, No. 09-cv-2931 (PAM/FLN), 2010 WL 2838553, at *3 (D. Minn. June 30, 2010) ("[A]lthough [Petitioner] was in custody in the District of Minnesota at the time the petition was [filed], this Court does not maintain jurisdiction over [his] petition at this time because the Court does not have jurisdiction over the proper respondent-the warden at FMC-Butner."), *report and recommendation adopted*, 2010 WL 2838552 (D. Minn. July 19, 2010); *Redding v. Thompson*, No. 17-cv-2740 (JRT/TNL), 2018 WL 850147, at *6 (D. Minn. Jan. 23, 2018) ("Neither Petitioner nor his custodian is located in Minnesota. Therefore, this Court lacks jurisdiction over Petitioner's § 2241 habeas petition."), *report and recommendation adopted*, 2018 WL 847764 (D. Minn. Feb. 13, 2018); *Cosgrove v. Anderson*, No. 07-cv-

4138, 2007 WL 4595879, at *2 (D. Minn. Oct. 2, 2007 ("However, the warden at USP-Florence [in Colorado] obviously is not located in this District, so he or she is not subject to personal jurisdiction in this District."), *report and recommendation adopted*, 2008 WL 44649 (D. Minn. Jan. 2, 2008); *Haukoos v. Miles et al.*, No. 22-cv-1142 (PAM/BRT), 2022 WL 3969734, at *2 (D. Minn. Aug. 16, 2022) ("[The petitioner] is no longer in the Respondents' care or custody and Respondents have no authority over his current custody in South Dakota."), *report and recommendation adopted*, 2022 WL 3969542 (D. Minn. Aug. 31, 2022); *see also Kills Crow*, 555 F.2d at 189 n.9 ("[Petitioner's] custodian is the warden at [FCI Sandstone in Minnesota], and there is nothing in the record to indicate that the District Court below, sitting in South Dakota, had jurisdiction over [Petitioner's] custodian."); *Jones v. Hendrix*, No. 2:20-CV-00247-ERE, 2021 WL 2402196, at *2 (E.D. Ark. June 11, 2021) ("[Petitioner] properly filed the petition in the Eastern District of Arkansas Division, where he was incarcerated at the time. However, . . . [he] was transferred to a federal detention facility in Texas. This Court lacks jurisdiction over the warden of a Texas federal prison. . . . Therefore, the Court does not have jurisdiction over [Petitioner's] habeas petition.").

Although Petitioner was in custody in the District of Minnesota at the time he filed his petition, the Court does not maintain jurisdiction over the petition at this time because it does not have jurisdiction over the proper respondent—the warden at FCI Elkton in Ohio. "[Petitioner] is no longer in the custody of [Warden Kallis], the warden of the FMC in [Rochester] and the respondent here." *See Copley v. Keohane*, 150 F.3d 827, 829 (8th Cir. 1998). Thus, "at this time, [Petitioner] is not in the custody of anyone over whom [the

Court has] jurisdiction, so there is no entity that [the Court] can order to effect [Petitioner's] release should the writ issue." *See id*. at 830. "It is true that, if a district court has proper jurisdiction when a habeas petition is filed, as is the case here, a subsequent transfer of the prisoner will not defeat habeas jurisdiction, but only 'so long as an appropriate respondent with custody remain[s]' in the district." *Id*. (quoting *Jones v. Cunningham*, 371 U.S. 236, 243-44 (1963)). "But no respondent other than [Warden Kallis] is named and . . . [Petitioner] is no longer in the custody of [Warden Kallis]." *See id*. Thus, the United States District Court for the District of Minnesota does not have jurisdiction in this matter, and Petitioner's present habeas petition cannot be entertained here.

While this matter could be dismissed without prejudice for lack of jurisdiction, the Court finds that the interests of justice would be better served by transferring this case to the proper district.[1] *See* 28 U.S.C. § 1631 (Where the "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought."); *see also Cosgrove*, 2007 WL 4595879, at *2; *Robinson v. United States*, No. 14-cv-1441 (ADM/JJG), 2014 WL 4411057, at *2 (D. Minn. Sept. 5, 2014). The Court therefore recommends that the Clerk of Court be directed to transfer this case to the Northern District of Ohio, where both Petitioner and the proper respondent, the warden at FCI Elkton, are located. After the matter has been transferred, the Northern District of Ohio can then

---

[1] The Court notes that on June 29, 2022, Petitioner filed a § 2241 habeas petition in the Northern District of Ohio, naming the warden at FCI Elkton as the respondent. *See Ybarra v. Garza*, No. 4:22-cv-01153-SL (N.D. Oh.). In that petition, Petitioner argues that he is being housed in the Residential Drug Treatment Quarters at FCI Elkton and has not received the credits he is entitled to under the First Step Act.

determine (a) whether there should be a substitution of parties, so that Petitioner's current custodian becomes the named respondent in this case, and (b) whether the respondent should be required to file a response to Petitioner's habeas petition.

## IV. RECOMMENDATION

Based upon the file, memoranda, and the proceedings herein, and for the reasons stated above, **IT IS HEREBY RECOMMENDED** that the Clerk of Court be directed to **TRANSFER** this matter to the United States District Court for the Northern District of Ohio.

Dated: September __28__, 2022         *s/Tony N. Leung*
                                       Tony N. Leung
                                       United States Magistrate Judge
                                       for the District of Minnesota

                                       *Ybarra v. Kallis*
                                       Case No. 21-cv-1396 (DSD/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).